Image ID: D00001603D78

**SUMMONS**

Doc. No. 1603

IN THE DISTRICT COURT OF Deuel COUNTY, NEBRASKA
Deuel County Courthouse
PO Box 327
Chappell          NE 69129 0327

Emannuel Boyd v. Valentin Georgievski

Case ID: CI 17     9

TO:  HL Motor Group, Inc.

**FILED BY**
Clerk of the Deuel District Court
07/07/2017

You have been sued by the following plaintiff(s):

Emannuel Boyd

Plaintiff's Attorney:   Joshua E Tanner
Address:                5625 "O" Street, Suite 109
                        Lincoln, NE 68510

Telephone:              (402) 467-3303

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: JULY 7, 2017     BY THE COURT: _Pally L. Olson_
                                      Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

HL Motor Group, Inc.        via its Registered Agent Evilsior Process Servers, LLC
391 Credit Stone Road       Craig Knickrehm
Concord, ON L4K-IN8         Walentine, O'Toole, et al., LLP
                            11240 Davenport St.
Method of service: Certified Mail    Omaha, NE 68154

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

IN THE DISTRICT COURT OF DEUEL COUNTY, NEBRASKA

| | |
|---|---|
| EMMANUEL BOYD,<br><br>    Plaintiff,<br><br>v.<br><br>VALENTIN GEORGIEVSKI and<br>HL MOTOR GROUP, INC.<br><br>    Defendants. | Case No.<br>CI 17-9<br><br>COMPLAINT and PRAECIPE<br>JURY TRIAL DEMANDED |

## PARTIES AND JURISDICTION

1. The crash happened in Deuel County, Nebraska on May 23, 2015.
2. Emmanuel Boyd lives in Hanover, Virginia.
3. At the time of the crash, Valentin Georgievski lived in Toronto, Ontario, Canada.
4. At the time of the crash, Defendant Georgievski was employed by HL Motor Group, Inc.
5. HL Motor Group's physical address is in Richmond Hill, Ontario, Canada.
6. HL Motor Group is a US Bonded Carrier with a US DOT number of 2274502.

## NEBRASKA SAFETY RULES OF THE ROAD

7. Neb. Rev. Stat. § 60-6,212 was in effect when the crash happened. It says: Any person who drives any motor vehicle in this state carelessly or without due caution so as to endanger a person or property shall be guilty of careless driving.
8. Neb. Rev. Stat. § 60-6,213 was in effect when the crash happened. It says: Any person who drives any motor vehicle in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property shall be guilty of reckless driving.

FILED
DATED July 7, 2017
POLLY L. OLSON
DEUEL COUNTY NE DISTRICT COURT
BY [signature]

1

## CODE OF FEDERAL REGULATIONS

9. 49 CFR 391.11 was in effect when the crash happened. It says:   A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle. Except as provided in § 391.63, a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.

## THE CRASH OF MAY 23, 2015

9. On or about May 23, 2015, Defendant Georgievski drove a Volvo Semi through the truck parking lot of the Flying J Truck Stop in Big Springs, Nebraska.
10. Boyd was in the sleeper berth of his semi in the truck parking lot of the Flying J Truck Stop in Big Springs at the same time that Defendant Georgievski was driving through the parking lot.
11. Defendant Georgievski, while traveling through the Flying J parking lot, collided with the front of Boyd's semi, which was legally parked in the parking lot.
12. Defendant Georgievski caused the crash, and all of the harms and losses described below, by negligently choosing to ignore several Nebraska safety Rules of the Road:
    a. He put the public in danger by not looking out for vehicles ahead of him and other traffic that could clearly be seen around him.
    b. He put the public in danger by not having his vehicle under reasonable control.
    c. He put the public in danger by driving carelessly in violation of Neb. Rev. Stat. § 60-6,212.
    d. He put the public in danger by driving recklessly in violation of Neb. Rev. Stat. § 60-6,213.
    e. He failed to comply with federal and state rules concerning hours of service resulting in fatigue which was a proximate cause of this crash.

2

13. Boyd, a member of the motoring public, did not contribute to the crash in any form, as he lawfully adhered to all Nebraska safety Rules of the Road.

## HARMS AND LOSSES

14. The crash caused by Defendant Georgievski was a proximate cause of the plaintiff's harms and losses. These losses include personal injuries to the plaintiff's left shoulder and back.
15. Boyd's injuries include but are not limited to a full-thickness tear of the anterior supraspinatus tendon, and a low-back strain and posterior ligamentous hypertrophy.
16. Necessary medical care for all of Boyd's injuries so far includes:
    a. emergency care,
    b. visits to a primary care physician,
    c. radiology including MRIs and X-Rays,
    d. physical therapy,
    e. surgery,
    f. evaluation and treatment by an orthopedic back surgeon,
    g. evaluation and treatment by an orthopedic shoulder surgeon,
17. The medical care provided to the plaintiff was reasonable and necessary, and the costs associated with such care now exceed $40,000.00.
18. Boyd will need more medical care and have more medical bills in the future.
19. Boyd was unable to work as a direct result of the accident from 5/23/15 to 9/13/16. He will miss work in the future for continued medical care.
20. Additional harms and losses include costs of moving cross country to live with family as plaintiff could not support himself while he was unable to work.
21. As a direct and proximate result of Defendant Georgievski's negligence, Boyd has suffered pain and mental suffering in the past, and he will suffer pain and mental suffering in the future.
22. As a direct and proximate result of Defendant Georgievski's negligence, Boyd has suffered temporary disability and he will suffer permanent disability in the future.

3

## NEGLIGENT ENTRUSTMENT

23. The injuries, harms, and damages incurred by Plaintiff were a direct result of the use of the vehicle by Defendant Georgievski in a negligent, careless, and/or reckless manner, which because of inexperience, incompetence, lack of qualifications, and/or prior actions, Defendant HL Motor Group knew, or had reason to know, was likely and involved an unreasonable risk of harm to others.

24. Defendant HL Motor Group, as the owner or lessee of the truck driven by Defendant Georgievski, has the right to permit and the power to prohibit the use of said vehicle by Defendant Georgievski.

25. Defendant HL Motor Group knew, or had reason to know, that Defendant Georgievski, because of inexperience, incompetence, qualifications, and/or prior actions, was likely to drive his truck in a negligent, careless, and/or reckless manner.

26. As a direct result of Defendant HL Motor Group's negligently entrusting the truck to Defendant Georgievski, who operated said vehicle in a negligent, careless, and/or reckless manner, Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in this Complaint.

## NEGLIGENT HIRING AND RETENTION

27. Defendant HL Motor Group had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant HL Motor Group owed such duty to Plaintiff and such duty was breached.

28. Defendant HL Motor Group knew, or should have known, that Defendant Georgievski, would be likely to operate a motor vehicle in a negligent, careless, and/or reckless manner.

29. Defendant HL Motor Group knew, or should have known, that Defendant Georgievski was not competent or fit for the duties required of him as an

4

employee. Defendant HL Motor Group breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

30. As a direct result of HL Motor Group's negligence in hiring and retaining Defendant Georgievski, Plaintiff did suffer the injuries, damages, and harm previously enumerated in this Complaint.

## AGENCY

31. The above-described acts of Defendant Georgievski were committed while he was acting as an agent, servant, and/or employee of Defendant HL Motor Group.
32. The above-described acts of Defendant Georgievski were committed within the scope of his agency and while furthering the business interests of Defendant HL Motor Group.
33. As the principal for Defendant Georgievski, Defendant HL Motor Group is responsible for all of the acts committed by Defendant Georgievski within the scope of his agency.

## RELIEF SOUGHT

WHEREFORE, Boyd seeks a judgment against Georgievsky and HL Motor Group in an amount that fairly and fully repays him for his:
 a. past medical expenses, so far over $40,000.00,
 b. future medical expenses, the amount to be proven at trial,
 c. past lost earnings, the amount to be proven at trial,
 d. future lost earnings, the amount to be proven at trial,
 e. other special damages, the amounts to be proven at trial,
 f. pain suffered in the past and reasonably certain to be experienced in the future,
 g. inconvenience suffered in the past and reasonably certain to be experienced in the future,

5

h. mental suffering in the past and reasonably certain to be experienced in the future,

i. lost future earning capacity,

j. permanent physical impairment,

k. other general damages,

l. costs of bringing this action, and

m. all other relief allowed by law.

**EMMANUEL BOYD, Plaintiff,**

By: *[signature]*

Joshua E. Tanner (#25311)
Tony J. Brock (#20350)
BROCK LAW OFFICES, P.C., L.L.O.
5625 "O" Street, Suite 109
Lincoln, NE 68510
(402) 467-3303 Telephone
(402) 467-3304 Fax
jtanner@brocklawoffices.com

## PRAECIPE

TO THE CLERK OF THE COURT:

Please issue summons in the above entitled matter and return to Brock Law Offices in the self-addressed, stamped envelope for personal service by the Ministry of the Attorney General, Ontario Court of Justice, 393 Main Street, Haileybury, OM P0J 1K0, CANADA upon the Defendant Georgievski at the following address:

Mr. Valentin Georgievski
16 Lewiston Road
Toronto, ON   M1P 1X7

Dated: 7/3/17                           By: _____
                                            Joshua E. Tanner   (#25311)

TO THE CLERK OF THE COURT:

Please issue summons in the above entitled matter and return to Brock Law Offices in the self-addressed, stamped envelope for service by certified mail upon the Defendant HL Motor Group, Inc, at the following address:

HL Motor Group, Inc.
391 Credit Stone Road
Concord, OM  L4K 1N8
*via its*
Registered Agent Evilsior Process Servers, LLC
Craig A. Knickrehm
Walentine O'Toole, et al., LLP
11240 Davenport Street
Omaha, NE  68154

Dated: 7/3/17                           By: _____
                                            Joshua E. Tanner   (#25311)