IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL BOYD ) <br> ) <br> **Plaintiff** ) <br> ) <br> v. ) <br> ) <br> VALENTIN GEORGIEVSKI, AND ) <br> HL MOTOR GROUP, INC., ) <br> ) <br> **Defendants** ) | CASE NO: 17-cv-3103 |

## ANSWER OF THE DEFENDANT HL MOTOR GROUP, INC. TO THE PLAINTIFF'S COMPLAINT

Now comes the Defendant, HL MOTOR GROUP, INC., (hereinafter "Answering Defendant"), by and through its counsel of record, Wilson Elser Moskowitz Edelman & Dicker LLP, and hereby answering Plaintiff's Complaint provides upon information and belief as follows:

1. Answering Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2. Answering Defendant denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in Paragraph 2 of the Complaint, therefore the allegations of Paragraph 2 are denied.

3. Upon information and belief, Mr. Georgievski was a resident of the Province of Ontario, Canada as of May of 23, 2015. The Answering Defendant denies all other allegations set forth in Paragraph 3 of the Complaint.

4. Answering Defendant admits that as of May of 2015, Mr. Georgievski was an employee of the Answering Defendant. The Answering Defendant denies all other allegations set forth in Paragraph 4 of the Complaint.

5. Answering Defendant is located in the Province of Ontario, Canada. The Answering Defendant denies all other allegations set forth in Paragraph 5 of the Complaint.

6. Answering Defendant admits that its U.S. DOT number is 2274502. The Answering Defendant denies all other allegations set forth in Paragraph 6 of the Complaint.

7. The allegations set forth in Paragraph 7 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

8. The allegations set forth in Paragraph 8 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

9. The allegations set forth in Paragraph 9 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

9 (Second). Answering Defendant denies the allegations set forth in the second Paragraph 9 of the Complaint.

10. Answering Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Answering Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

1234668v.1

12. Answering Defendant denies the allegations set forth in Paragraph 12 subparts a. through e. inclusive, of the Complaint.

13. Answering Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Answering Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Answering Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Answering Defendant denies the allegations set forth in Paragraph 16, subparts a. through g. inclusive, of the Complaint.

17. Answering Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Answering Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Answering Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Answering Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Answering Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Answering Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Answering Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. The allegations set forth in Paragraph 24 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

25. Answering Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Answering Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. The allegations set forth in Paragraph 27 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

28. Answering Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Answering Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Answering Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. The allegations set forth in Paragraph 31 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

32. The allegations set forth in Paragraph 32 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

33. The allegations set forth in Paragraph 33 of the Complaint state a conclusion of law which requires no response from the Answering Defendant, except that any inferences contained therein against the Answering Defendant are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages as claimed in the Complaint, which Answering Defendant specifically denies, the damages were caused, in whole or in part, by the contributory negligence of Plaintiff, and therefore bars or diminishes his recovery of any damages.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against the Answering Defendant should be dismissed in their entirety as the Plaintiff's Complaint fails to state claims against the Answering Defendant for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained damages as alleged in the Complaint, Plaintiff's damages were pre-existing injuries or conditions or that they were caused by a subsequent accident or incident or by a preexisting condition.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

1234668v.1

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that some or all of the Plaintiff's medical treatment following the accident were unnecessary and/or unreasonable.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that at the time and place alleged in the Complaint, Plaintiff did not exercise ordinary care, caution or prudence in the use of the vehicle he was in and the resulting injuries, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness and negligence of the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that it is guilty of no negligence on its part whatsoever.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that the Plaintiff assumed whatever risk or hazard existed at the time of the accident and was therefore responsible for the alleged injuries suffered.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that the injuries, if any, suffered by the Plaintiff as set forth in Plaintiff's Complaint were proximately caused in whole or in part by the act(s) of a third party(ies) over which Answering Defendant had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail for insufficiency of process and service of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of laches, waiver and/or estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Rule 8, Rule 11, and Rule 15 of the Federal Rules of Civil Procedure, all of Answering Defendant's affirmative defenses may not have been known at the time of answering and therefore Answering Defendant reserves their right to amend their answer and plead such affirmative defenses once they are discovered.

WHEREFORE, having fully defended, Defendant, HL MOTOR GROUP, INC., prays that Plaintiff's Complaint be dismissed, that Plaintiff take nothing thereby, and that Answering Defendant recover the costs of suit incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just in the premises.

Respectfully submitted,

HL MOTOR GROUP, INC.

By its attorneys,

*/s/ Beata Shapiro*
Beata Shapiro
beata.shapiro@wilsonelser.com
Wilson Elser LLP
260 Franklin Street
Boston, MA 02110
Phone: (617) 422-5300

Dated: August 10, 2017

**CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on August 10, 2017, the foregoing was filed electronically with the United States District Court for the District of Nebraska using the CM/ECF system, which will send notification of such filing to counsels for the Plaintiff as follows:

*Attorney for Plaintiff:*
Joshua E. Tanner (#25311)
Tony J. Brock (#20350)
5625 "O" Street, Suite 109
Lincoln, NE 68510
Phone: (402) 467-3303
jtanner@brocklawoffices.com

Jennifer D. Tricker (NE# 23022)
BAIRD HOLM LLP
1700 Farnam St.Ste 1500
Omaha, NE 68102-2068
Phone: 402-344-0500
jtricker@bairdholm.com

                                    */s/ Beata Shapiro*
                                    Beata Shapiro

1234668v.1