# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

EMMANUEL BOYD,

                      Plaintiff,

      vs.

HL MOTOR GROUP, INC., and
VALENTIN GEORGIEVSKI,

                    Defendants.

**4:17CV3103**

**AMENDED ORDER SETTING
FINAL SCHEDULE FOR
PROGRESSION OF CASE**

This matter comes before the Court on Plaintiff's Motion to Extend Deadlines to Identify Expert Witnesses (Filing No. 27) and Defendants' Motion for Extension of Deadlines and to Compel Deposition of Plaintiff (Filing No. 29). The Court held a telephone conference with counsel for the parties regarding the motions on April 30, 2018.

Pursuant to the discussion with counsel, the Court finds that an extension of Plaintiff's expert disclosure deadline is warranted. Plaintiff's counsel represents he only has one expert, whose identity has already been disclosed to Defendants, and he believes the remaining required disclosures regarding that expert can be provided to Defendants within 30-days. Plaintiff's requested extension does not require moving the trial date. Additionally, Defendants' concerns about prejudice will be alleviated by extending certain other case deadlines, including their expert disclosure deadline, as requested in Defendants' motion. Accordingly, the Court will extend certain case progression deadlines, as discussed during the hearing and as set forth herein.

The Court will not grant Defendants' motion to the extent is seeks an order compelling the Plaintiff to appear at his scheduled deposition noticed for May 29, 2018. However, because Plaintiff failed to appear for his deposition previously scheduled for April 20, 2018, the Court warns Plaintiff that failure to appear for his scheduled deposition without appropriate justification **will** result in sanctions upon the Defendants' request, including, but not limited to, attorneys' fees, costs, and a recommendation that this case be dismissed. See Fed. R. Civ. P. 37(d). Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Extend Deadlines to Identify Expert Witnesses (Filing No. 27) is granted;

2. Defendants' Motion for Extension of Deadlines and to Compel Deposition of Plaintiff (Filing No. 29) is granted, in part, and in part denied.

**IT IS FURTHER ORDERED** that certain deadlines set forth in the Order Setting Final Progression of the Case (Filing No. 20) are amended as follows:

1. **Discovery Deadlines:**

   a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **August 29, 2018**.

   b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **August 29, 2018**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

   c. **Discovery Motions.** Discovery motions shall be filed not later than **July 30, 2018,** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(i). **Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.**

2. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall identify expert witnesses and shall serve expert reports by **June 1, 2018**. Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and shall serve expert reports by **July 2, 2018**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **July 16, 2018**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

3. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 30th day of April, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge